IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| IAN KILMARTIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BRIAN LEE ROZEK, THE )<br>PETTIEST OFFICER OF THE U.S. )<br>COAST GUARD, JOHN/JANE DOE )<br>INDIVIDUALS and ENTITIES )<br>)<br>Defendants. )<br>_____ ) | Civil Action No.  3:24-cv-06014-MGL<br><br><br><br>**COMPLAINT**<br><br><br><br><br><br><br><br>**(JURY TRIAL DEMANDED!)** |

The Plaintiff, complaining of the conduct of the Defendants herein, alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Ian Kilmartin ("Ian") is a citizen and resident of Richland County, South Carolina.

2. Upon information and belief, Defendant Brian Lee Rozek ("Rozek") is a citizen and resident of Cuyahoga County, Ohio.

3. Upon information and belief, Defendant The Pettiest Officer of the U.S. Coast Guard ("Pettiest Officer") is an organization operating a Facebook page.

4. Defendants John/Jane Doe Individuals and Entities refers to individuals and entities who participated in and/or aided and abetted the conduct of the Defendants as described herein and whose identities and roles will be revealed through the discovery process.

5. This Court has subject matter jurisdiction over the Plaintiff's claim pursuant to 28 U.S.C. §1332, because the parties are citizens of different states, and the amount in controversy exceeds $75,000.00.

1

6. This Court has personal jurisdiction over the Defendants pursuant to the South Carolina Long Arm Statute Ann. §36-2-803(2) because this statute affords broad power to courts to exercise personal jurisdiction when a person or entity commits a tortious act or causes tortious injury in whole or in part in South Carolina and this statute has been construed to extend to the outer limits of the Due Process Clause.

7. Venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial division/district.

## FACTUAL BACKGROUND

8. All paragraphs stated above are incorporated herein as if realleged and restated in full verbatim.

9. In 2018, Ian attended the United States Coast Guard's Training Center, Cape May, New Jersey, for his basic training.

10. Basic training lasts eight weeks.

11. Ian became ill and his basic training was deferred for two weeks while he recuperated.

12. During Ian's recuperation, he was separated from his basic training class and was placed on hold as he awaited the next group of recruits and was able to resume his training at the point in time where it had been interrupted.

13. During his hold period, Ian was grouped with up to eight or nine other recruits, who had been separated from their training for various reasons.

14. During his hold period, a fellow recruit who was also in a hold asked Ian to help him iron his shirt (hereinafter the "Recruit"). Ian did not know the Recruit.

15. Ian helped the Recruit iron his shirt. Their interaction lasted less than fifteen minutes. This was Ian's only interaction with the Recruit.

16. Unbeknownst to Ian, the Recruit was on a hold because he was on suicide watch.

17. Sometime after Ian's interaction with the Recruit, the United States Coast Guard discharged the Recruit.

18. During his discharge interview, the Recruit falsely accused Ian, and several other members of the Coast Guard, of sexual harassment and rape.

19. The United States Coast Guard conducted an investigation of the allegations and Ian was fully and completely exonerated. Upon information and belief, every other recruit against whom similar allegations had been made was likewise fully and completely exonerated.

20. Following the investigation, the Training Officer, Commander Scott Rae, of Cape May met with Ian in his office and told him that there were no charges, that we would be placed back into basic training, and that he looked forward to following Ian's Coast Guard career.

21. Ian completed basic training and was later discharged from the United States Coast Guard in 2023.

22. After departing the United States Coast Guard, Ian returned home and started a carpet cleaning business in the Midlands.

23. Defendant Pettiest Officer operates a Facebook page which purports to be a watchdog group to advocate the rights of sexual assault victims of the United States Coast Guard.

24. Defendant Rozek is a member of the "Pettiest Officer Executive Board" and an "advisor" as per the post below:

> **The Pettiest Officer of the U.S. Coast Guard**
> 10h
>
> ⭐ **New Pettiest Officer Team Member!** ⭐
> (Under his real name)
>
> We are pleased to announce that retired Maritime Enforcement Specialist Chief Petty Officer Brian-Tamara Rozek has joined the newly-created Pettiest Officer Executive Board. Not only will Chief Rozek be joining our team publicly; he is excited to put his Coast Guard Victim Avocate and Sexual Assault Prevention and Response training to work!
>
> Chief Rozek joins the pettiest team as an advisor and a fellow Coastie who is passionate about working to resolve the on-going sexual assault crisis within the U.S. Coast Guard. We are confident Chief Rozek is an excellent match for our team, and we sought him out specifically. Below are a few words from Chief about his Coast Guard Career:
>
> I served almost 22 years in the Coast Guard. My original enlistment was 4 years of active duty, where I served 3 years as a Gunners Mate (GM). After my original enlistment, I lateralled to Reserves and was assigned to the Security Division of a Port Security Unit. I served another 4 years in this Division

25.     Upon information and belief, the Recruit described above who made the false accusations against Ian in 2018 is also on the Pettiest Officer Executive Board.

26.     The members of the Pettiest Officer Executive Board are among of the potential John/Jane Doe Defendants and will become named defendants once their identities are revealed in the discovery process.

27.     As members of the Pettiest Officer Executive Board, Rozek and the John/Jane Doe Defendants have control over the content published to the Pettiest Officer Facebook page.

28. In the summer of 2024, Ian became aware of the Defendants' following posts to the Pettiest Officer Facebook page attacking Ian and his business:





29. The Defendants then expanded their attacks and targeted Ian's family as is seen below:



30. As is seen above, the Defendants have published on Facebook that Ian, "perpetrated sexual misconduct to another male USCG member …," that he participated in a "October 2018 gang rape," and that he "got away with it."

31. These allegations were even directed to the church Ian attends with his family.

32. The allegations against Ian are false.

33. The allegations against Ian were published and republished by the Defendants to third parties through the posts to Facebook and/or elsewhere.

34. The Defendants have falsely accused Ian of committing crimes.

35. The Defendants have falsely accused Ian of committing unchaste acts.

## FOR A FIRST CAUSE OF ACTION
### (DEFAMATION *PER SE*)

36. All paragraphs stated above are incorporated herein as if realleged and restated in full verbatim.

37. Defendants have published on Facebook that Ian, "perpetrated sexual misconduct to another male USCG member …," that he participated in a "October 2018 gang rape," and that he "got away with it."

38. These statements are demonstrably false.

39. These false statements have damaged and continue to damage Ian's professional and personal reputation.

40. Under South Carolina law these statements are defamatory *per se* because they involve allegations of a criminal conduct, as well as allegations that Ian has committed unchaste acts. Furthermore, the statements have been designed to degrade Ian and attack his character and reputation, not just to the internet and general public, but also specifically to his family, friends and Church community in South Carolina.

41. Under South Carolina law, each defamatory statement published by the Defendants is separately actionable, and each and every subsequent repetition is likewise separately actionable under the continuing publication rule.

42. Ian has suffered and continues to suffer damages as a result of these false allegations and he is entitled to the presumed actual damages for each separate defamatory statement and/or repetition of a defamatory statement in amounts determined by a jury to be sufficient to compensate him fully for the harm he suffered, as well as punitive damages in amounts sufficient to impress upon the Defendants the seriousness of their conduct and to deter such similar conduct in the future.

## FOR A SECOND CAUSE OF ACTION
### (PRELIMINARY AND PERMANENT INJUNCTION)

43. The paragraphs enumerated above are incorporated herein as if realleged and restated in full verbatim.

44. An immediate preliminary / permanent injunction is necessary to protect the reputation of Ian from further harm.

45. Defendants' conduct, if not limited and stopped by injunction, is causing and will continue to cause irreparable harm to Ian.

46. Ian is likely to succeed on the merits.

47. There is no adequate remedy at law to protect Ian from the unlawful activities of the Defendants including, but not limited to, accusing him of participating in a "gang rape" which is their intentional interference with Ian's right to live his life free from harassment and oppression.

48. The injunction requests that Defendants cease and desist all such posts as described herein and immediately and permanently remove said posts from the world wide web and prohibit them from any future posts concerning Ian.

49. Ian prays for a preliminary and permanent injunction and respectfully submits that he has an absolute right to an injunction under these circumstances, such as Defendants directing their unlawful attacks at him, his business, his family, and his church, such that it would be arbitrary for the Court to refuse the relief.

WHEREFORE, Ian prays for an immediate preliminary and permanent injunction as well as a judgment against Defendants for actual damages in a sum sufficient to compensate him fully for all losses occasioned herein, whether past, present or future, and punitive damages in a sum determined by a jury to impress upon the Defendants the seriousness of their conduct and to deter

such similar conduct in the future, as well as attorneys' fees and costs, and any other relief granted by this Court.

Charleston, South Carolina
October 22, 2024

**BLAND RICHTER, LLP**
*Attorneys for Plaintiff*

*s/Ronald L. Richter, Jr.*
Ronald L. Richter, Jr.(Federal Bar No. 6264)
*s/Scott M. Mongillo*
Scott M. Mongillo (Federal Bar No. 7436)
Peoples Building
18 Broad Street, Mezzanine
Charleston, South Carolina 29401
T: 843.573.9900 F: 843.573.0200
ronnie@blandrichter.com
scott@blandrichter.com

*s/Eric S. Bland*
Eric S. Bland (Federal Bar No. 5472)
105 West Main Street, Suite D
Lexington, South Carolina 29072
T: 803.256.9664 F: 803.256.3056
ericbland@blandrichter.com